United States District Court
Southern District of Texas
**ENTERED**
January 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROBERT MEZA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| MONTE ALTO INDEPENDENT § | CIVIL ACTION NO. 7:22-cv-00383 |
| SCHOOL DISTRICT and ROSALINDA § | |
| COBARRUBIAS, as former § | |
| superintendent, § | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER**

The Court now considers Defendant Rosalinda Cobarrubias' motion to dismiss[1] and Plaintiff's response.[2] After considering the arguments and relevant authorities, the Court **DENIES** Defendant's motion.

### I.  FACTUAL AND PROCEDURAL HISTORY

This is a suit brought under 42 U.S.C. § 1983. Plaintiff was hired in 2018 by Defendant Monte Alto Independent School District as its athletic director and head varsity football coach.[3] Plaintiff alleges that in 2019, he became aware of voting irregularities involving the Monte Alto ISD board president, and he made a written complaint to the Texas Secretary of State in January 2020.[4] He received a response in February 2020 that the complaint was being forwarded to the Attorney General for a criminal investigation.[5]

---

[1] Dkt. No. 6.
[2] Dkt. No. 12.
[3] Dkt. No. 1 at 2, ¶ 7.
[4] *Id.* at 2-3, ¶¶ 8-10.
[5] *Id.* ¶ 10.

In September 2020 Plaintiff made Defendant Cobarrubias, the school superintendent, aware of his complaint to the Texas Secretary of State.[6] Plaintiff alleges that shortly thereafter, Defendant Cobarrubias (1) apprised the school board of Plaintiff's complaint to the Texas Secretary of State, and (2) began to allege that she received complaints about vitamin supplements being distributed to students in the football program.[7] Defendants employed a law firm to investigate the supplement distribution, and Plaintiff received adverse employment action in November 2020, being reassigned as a classroom teacher and losing his athletic director stipend.[8] Despite Plaintiff's appeal and later application to be rehired, he has not been reinstated to the position of athletic director and head varsity football coach.[9]

Plaintiff filed suit on November 4, 2022, alleging that Defendants retaliated against him for exercising his First Amendment right to make a complaint about potential voter fraud.[10] Defendant Cobarrubias now moves to dismiss herself as a defendant, arguing that suing her in her official capacity is duplicative of Plaintiff's suit against the school district.[11]

## II. DISCUSSION

Section 1983 creates a cause of action against any person for deprivation of a plaintiff's constitutional rights under color of state law.[12] "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both."[13] Here, Plaintiff's original complaint does not expressly state whether Defendant Cobarrubias is sued in her official or individual capacity.[14] "[A] suit against a state official in his or her official capacity is not a suit

---

[6] *Id.* at 3-4, ¶¶ 10-11.
[7] *Id.* ¶ 12.
[8] *Id.* at 5-6, ¶ 13.
[9] Dkt. No. 1 at 6-7, ¶¶ 14-15.
[10] *Id.*
[11] Dkt. No. 6.
[12] 42 U.S.C. § 1983.
[13] *Rumery v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).
[14] *See* Dkt. No. 1.

against the official but rather is a suit against the official's office."[15] Therefore, Defendant Cobarrubias argues that she has been sued in her official capacity and seeks to be dismissed from the suit.[16] In support, she notes that each of the alleged retaliatory actions "were taken in her capacity as the Superintendent of Monte Alto ISD."[17]

But the Supreme Court has noted that "the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."[18] It has long been understood that official authority is not a defense to personal § 1983 claims, or else action "under color of state law" would be both a prerequisite for liability and a defense to it. Therefore, to ascertain the capacity in which Defendant Cobarrubias is being sued, the Court looks to "the essential nature and effect of the proceeding, as it appears from the entire record,"[19] not the setting of the alleged retaliation.

As stated above, official capacity suits are against the office, not the person. "[W]hen officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation."[20] Here by contrast, Plaintiff does not sue the current holder of the Monte Alto ISD superintendent role, but sues Defendant Cobarrubias as *former* superintendent.[21] Thus, it appears that she is being sued in her individual capacity.

Furthermore, monetary damages in official-capacity-only suits are barred by the Eleventh Amendment.[22] Plaintiff seeks damages, not injunctive relief, which would be barred if he sued

---

[15] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).
[16] *See Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (dismissing official capacity officer defendants as duplicative of entity defendants).
[17] Dkt. No. 6 at 1, ¶ 1.
[18] *Hafer v. Melo*, 502 U.S. 21, 26 (1991).
[19] *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974) (citing *Ex parte New York*, 256 U.S. 490, 500 (1921)).
[20] *Hafer*, 502 U.S. at 25 (citing Fed. R. Civ. P. 25(d)(1) and Fed. R. App. P. 43(c)(1)).
[21] Dkt. No. 1.
[22] *E.g.*, *Roach v. Muncelle*, No. 2:02-CV-0166, 2004 U.S. Dist. LEXIS 3083, at *5 (N.D. Tex. 2004).

only the school district and Defendant Cobarrubias in her official capacity.[23] The Court takes this as further evidence that Plaintiff sued Defendant Cobarrubias in her individual capacity.

### III. CONCLUSION

Therefore, the Court is convinced that Defendant Cobarrubias is sued in her individual capacity, and Defendant's motion is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of January 2023.

                Micaela Alvarez
                United States District Judge

---

[23] Dkt. No. 1 at 9, ¶¶ 24-29.